UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOE HAND PROMOTIONS, INC.                    CIVIL ACTION

VERSUS                                        NO: 13-4747

TOMMY ASHBY, SR., TOMMY ASHBY,               SECTION: R
JR., MARK ASHBY, AND WHEREHOUSE
BAR AND GRILL

**ORDER AND REASONS**

Defendant Mark Ashby moves the Court to set aside the

default judgment entered against him.[1] Because Ashby has shown

that relief from the judgment is warranted, the Court GRANTS his

motion.


I.   **BACKGROUND**

Plaintiff filed this lawsuit on June 7, 2013, alleging that

defendants Tommy Ashby, Sr., Tommy Ashby, Jr., Mark Ashby, and

Wherehouse Bar and Grill violated 47 U.S.C. §§ 553 and 605 by

intercepting a pay-per-view UFC broadcast and displaying it at

Wherehouse without Joe Hand's authorization.[2] The record reflects

that Mark Ashby and Wherehouse were served on December 13, 2013,[3]

and Tommy Ashby, Jr. on December 16, 2013.[4] Tommy Ashby, Sr. was

not served.[5] None of the defendants timely responded to the

_____

[1]    R. Doc. 32.

[2]    R. Doc. 1.

[3]    R. Docs. 7, 8.

[4]    R. Doc. 6.

[5]    *See* R. Doc. 5.

complaint.[6]

On January 21, 2014, plaintiff requested that a default be entered against defendants Tommy Ashby, Jr., Mark Ashby, and Wherehouse Bar & Grill.[7] The Clerk of Court entered an order of default as to those defendants on January 22, 2014,[8] and plaintiff moved for a default judgment on February 13, 2014.[9] The parties later stipulated to the dismissal of Tommy Ashby, Jr. and Wherehouse Bar and Grill.[10]

On February 24, 2013, eleven days after Joe Hand first moved for a default judgment, and nearly two months after his answer was due, Mark Ashby (hereinafter "Ashby" or "defendant") filed an answer to the complaint.[11] Ashby asserted in his answer that he is not liable to Joe Hand because, among other reasons, he "has no affiliation with 'Wherehouse Bar & Grill' [where the offending broadcast was allegedly displayed] and/or any person, firm[,] corporation or other entity that does, or formerly, conducted [*sic*] business under any such trade name."[12]

---

[6]   *See* R. Docs. 6, 7, 8.

[7]   R. Doc. 11.

[8]   R. Doc. 13.

[9]   R. Doc. 14.

[10]   R. Docs. 27, 29.

[11]   R. Doc. 18.

[12]   R. Doc. 18 at 8; *see also id.* ("[N]or did this defendant ever exercise any control or enjoy any supervisory capacity over any activities of such entity at any time.").

2

On April 2, 2014, the Court granted plaintiff's motion for a default judgment against Ashby and awarded plaintiff $16,700 in damages, costs, and attorneys' fees.[13] Ashby now moves the Court to set aside the default judgment under Federal Rule of Civil Procedure 60(b)(1).[14]

## II.   LEGAL STANDARD

Under Rule 55, which governs defaults and default judgments, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b), in turn, provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)   the judgment is void;
> (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)   any other reason that justifies relief.

In determining whether to set aside a default judgment under Rule 60(b)(1), district courts should examine three factors: "whether the default was willful, whether setting it aside would

---

[13]   R. Doc. 31.

[14]   R. Doc. 32.

3

prejudice the adversary, and whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quoting *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). "Courts may also consider whether the public interest was implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Id.* (citing *Dierschke*, 975 F.2d at 183-84). Not all of the foregoing factors need be considered. *Id.* If the defendant has failed to present a meritorious defense, or if the court finds that the default was willful, the court may deny the motion to set aside the default judgment without further analysis. *Id.* at 119-20; *see also* 10A Charles Allen Wright, *et al.*, Federal Practice and Procedure § 2697 (3d ed. 2010) ("In most cases . . . the court will require the party in default to demonstrate a meritorious defense to the action as a prerequisite to vacating the default entry or judgment."); *Dierschke*, 975 F.2d at 184 ("[W]hen the court finds an intentional failure of responsive pleadings there need be no other finding.").

In balancing the above factors, the court should be guided by the principle that default judgments are not favored in the law. *See Dierschke*, 975 F.2d at 183 ("[C]ourts 'universally favor trial on the merits' . . . ." (internal quotation marks omitted) (quoting *Bridoux v. E. Air Lines, Inc.*, 214 F.2d 207, 210 (D.C. Cir. 1954))). Thus, "any doubt should, as a general proposition,

4

be resolved in favor of [the defaulting party] to the end of securing a trial upon the merits." *Jenkens & Gilchrist*, 542 F.3d at 123 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)); *see also Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999) ("Courts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits.").

## III. DISCUSSION

Ashby's principal argument in contending that the default judgment should be set aside is that the Court mistakenly stated in its order and reasons granting the default judgment that Ashby had failed to file a responsive pleading to Joe Hand's complaint.[15] In fact, Ashby did file an answer on February 24, 2014 -- after the entry of default and after Joe Hand moved for a default judgment, but before the Court's order granting the motion for a default judgment. But this, standing alone, does not entitle Ashby to relief -- the fact remains that Ashby's answer was filed nearly two months late, after default was validly entered against him.[16] Accordingly, the Court must consider the factors enumerated in *Jenkens & Gilchrist* in order to determine whether relief from the default judgment is warranted. *See*

---

[15]    *See* R. Doc. 31 at 6.

[16]    Ashby did not file a motion for leave to file an out-of-time answer, nor did he move to set aside the entry of default.

*Dierschke*, 975 F.2d at 183 (when defendant appears in the action after the clerk enters default but before the default judgment is rendered, courts should consider those factors in determining whether relief is warranted).

With regard to wilfulness, Ashby has presented no valid reason for his failure to timely respond to the complaint. He contends in his reply brief that his failure to respond was not willful because he "is an unexperienced [*sic*] and unsophisticated litigant" and because he had no interest in Wherehouse, the venue where the offending broadcast was allegedly displayed.[17] The Court finds that this is not a valid explanation for Ashby's dilatory conduct. *See Express Air, Inc. v. Gen. Aviation Servs., Inc.*, 806 F. Supp. 619, 620-21 (S.D. Miss. 1992) (defendant's belief that it was not a proper party to the suit was not a valid excuse for its failure to respond to the complaint); *R.R. Maint. Laborers' Local 1274 Pension, Welfare, & Educ. Funds v. Am. R.R. Const. Co.*, 96 F.R.D. 433, 436 (N.D. Ill. 1983) (rejecting defendant's argument that his delay was excusable because he was "merely a lay defendant who is unfamiliar with the legal process" and noting that "[n]either ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)" (quoting *Ben Sager Chems. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977))). It is undisputed that

---

[17]   R. Doc. 37-2 at 3.

Ashby was served with the complaint in December, and he was
clearly sophisticated enough to obtain counsel and respond to
plaintiff's allegations -- indeed, he did just that once the
motion for default judgment against him was pending.

Nonetheless, the Court is unable to conclude, on the present
record, that Ashby's failure to respond was actually *willful*. It
is possible that Ashby merely acted negligently in ignoring the
complaint and summons. *Cf. Jenkens & Gilchrist*, 542 F.3d at 123
("[A]ny doubt should, as a general proposition, be resolved in
favor [the defaulting party] . . . ."). Accordingly, although
this factor weighs against setting aside the default judgment,
the Court will proceed to consider the other factors described in
*Jenkens & Gilchrist*.

Turning to the next factor, whether defendant has presented
a meritorious defense, the Court finds that Ashby has alleged
facts in his answer that, if true, would allow him to prevail on
the merits of this suit. As noted above, Ashby contends that he
has no affiliation whatsoever with Wherehouse and thus had
nothing to do with the unauthorized broadcast of Joe Hand's UFC
program. This factor thus weighs in favor of setting aside the
default judgment. *Id.* at 122; *see also DIRECTV, Inc. v. Meyers*,
214 F.R.D. 504, 513 (N.D. Iowa 2003) (defendant's averment that
he had not unlawfully intercepted DIRECTV's satellite signal, as
alleged in the complaint, militated in favor of setting aside
default judgment); *cf. Moldwood Corp. v. Stutts*, 410 F.2d 351,

7

352 (5th Cir. 1969) (defendant seeking to set aside default judgment must "show[], not by conclusion, but by definite recitation of facts," that he has a valid defense to the plaintiff's allegations).

With regard to the third factor, prejudice, the Court concludes that Joe Hand has not shown that setting aside the default judgment would cause it to suffer prejudice. Joe Hand states conclusorily that "[t]here is a clear and present risk that additional discovery difficulties will present themselves as witnesses may become unavailable . . . and crucial cable/satellite provider records may no longer be available," and that "there exists a danger of fraud and collusion by the Defendants, records destroyed, and/or fraudulent transfer of assets in anticipation of an adverse monetary judgment."[18] But plaintiff provides no facts supporting its speculation that such problems will occur, and the Court sees no reason to think that they will. *Cf. Jenkens & Gilchrist*, 542 F.3d at 122 (finding plaintiff's claims of prejudice "ineffectual" because it merely "refer[red] to expected difficulties [it might] face if forced to proceed with further litigation"). As Joe Hand acknowledges, "requiring a plaintiff to prove his case does not constitute prejudice." *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)); *accord* Wright, *et al.*, *supra*, § 2699.

---

[18]    R. Doc. 36 at 7.

The Court also finds that the amount of Ashby's potential liability weighs in favor of setting aside the default judgment. Although not astronomical, a $16,700 judgment would likely constitute a significant burden on a single individual. *See Jenkins & Gilchrist*, 542 F.3d at 122 (noting that the large value of a claim militates in favor of a trial on the merits).

Considering the totality of the factors analyzed above, the Court finds that setting aside the judgment is warranted. While Ashby's failure to articulate a convincing explanation (or, indeed, any explanation) for his failure to timely respond weighs heavily in favor of letting the judgment stand, the remaining factors cut the other way. Moreover, as noted above, in light of the disfavored status of default judgments, doubtful cases should be resolved in favor of a trial on the merits.

Joe Hand has requested that, in the event the Court sets aside the default judgment, it award Joe Hand the reasonable attorneys' fees it expended in securing the entry of default, drafting the motion for default judgment, and responding to the motion under consideration.[19] *See generally* Wright, *et al.*, *supra*, § 2700 (noting that court may grant relief from a default judgment contingent on various conditions). The Court finds that such an award is appropriate, given the lack of explanation for Ashby's failure to timely respond. *See Corso v. First Frontier*

---

[19]    R. Doc. 36 at 7-8.

9

*Holdings, Inc.*, 205 F.R.D. 420, 421 (S.D.N.Y. 2001) (conditioning order setting aside default judgment on defendants reimbursing plaintiff for the attorneys' fees expended on the motion to set aside the default judgment because defendants' "defaults were . . . due to their inattentiveness"). If the parties cannot stipulate to the proper amount of attorneys' fees, plaintiff should file a claim for attorneys' fees by affidavit with supporting documentation.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to set aside the default judgment and therefore VACATES its order and reasons dated April 2, 2014.[20] The Court also orders that defendant pay plaintiff the reasonable attorneys' fees it incurred in securing the entry of default, drafting the motion for default judgment, and responding to the motion under consideration.

New Orleans, Louisiana, this 24th day of April, 2014.

$\underline{\textit{Sarah Vance}}$

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20]    R. Doc. 31.